UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORY

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/31/2019
```

WILBERT KITSON ANDREW TURNER,

          Plaintiff,

-against-

NAPHCARE; DR. ROBERT BEAUDOUIN;
WARDEN L. N'DIAYE,

          Defendants.

19-CV-0412 (LGS)

ORDER OF SERVICE

LORNA G. SCHOFIELD, United States District Judge:

    Plaintiff, currently detained in the Metropolitan Correctional Center, brings this *pro se* action alleging that Defendants are violating his constitutional rights. By order dated July 25, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees or *in forma pauperis* (IFP).[1]

## DISCUSSION

**A.    Rule 21 Amendment**

    Plaintiff asserts that C.O. Grijava and C.O. Rose refused to call the medical department when Plaintiff informed them that he was feeling dizzy after taking his medication. The Clerk of Court is therefore respectfully directed, under Rule 21 of the Federal Rules of Civil Procedure, to amend the caption of this action to add C.O. Grijava and C.O. Rose as Defendants. This amendment is without prejudice to any defenses that C.O. Grijava and C.O. Rose may wish to assert.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

**B.     Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants NAPHCARE, Dr. Robert Beaudouin, Warden L. N'Diaye, C.O. Grijava, and C.O. Rose through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is directed to add C.O. Grijava, and C.O. Rose as Defendants under Fed. R. Civ. P. 21.

The Clerk of Court is further instructed to issues summonses, complete the USM-285 forms with the addresses for NAPHCARE, Dr. Robert Beaudouin, Warden L. N'Diaye, C.O. Grijava, and C.O. Rose, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: July 31, 2019
       New York, New York

                                                LORNA G. SCHOFIELD
                                                UNITED STATES DISTRICT JUDGE

## DEFENDANTS AND SERVICE ADDRESSES

1. NAPHCARE
   2090 Columbiana Road
   Ste 4000
   Birmingham, Alabama 35216

2. Dr. Robert Beaudouin
   Metropolitan Correctional Center
   150 Park Row
   New York, New York 10007

3. Warden L. N'Diaye
   Metropolitan Correctional Center
   150 Park Row
   New York, New York 10007

4. C.O. Grijava
   Metropolitan Correctional Center
   150 Park Row
   New York, New York 10007

5. C.O. Rose
   Metropolitan Correctional Center
   150 Park Row
   New York, New York 10007