UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
:
WILBERT KITSON ANDREW TURNER,       :       19 Civ. 412 (LGS)
:
Plaintiff,   :       **ORDER**
:
-against-         :
:
:
NAPHCARE, *et al.*,                 :
:
Defendants.  :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on March 26, 2020, pro se Plaintiff Wilbert Kitson Andrew Turner filed a motion for preliminary injunction against Defendants Dr. Robert Beaudouin, Warden L. N'Diaye, C.O. Grijava and C.O. Rose (collectively, the "Federal Defendants"), seeking replacement of certain medicine and resumption of a nutritional supplement[1];

WHEREAS, pro se Plaintiff is a pre-trial detainee at the Metropolitan Correction Center ("MCC"), who is diagnosed with gastro-esophageal reflux disease ("GERD") and systemic sclerosis, or scleroderma. Plaintiff was prescribed Prevacid, a prescription proton pump inhibitor ("PPI") medication, to treat symptoms of GERD prior to his detention. Defendant Dr. Beaudouin, a Staff Physician in the Health Services Department at the MCC, prescribed Plaintiff Prilosec (generic drug Omeprazole) to treat his GERD at the MCC. Prilosec is also a PPI like Prevacid and "perform[s] the same function [as Prevacid] without notable distinction." Dr.

---

[1] Pro se Plaintiff is currently litigating a civil matter before this Court against the same Federal Defendants under the above-captioned docket number. In the course of litigating this matter, pro se Plaintiff sent a letter *ex parte* on April 6, 2020, which this Court construed as the instant request for a preliminary injunction. *See* Order dated April 6, 2020, at Dkt. No. 82.

Robert Beaudouin Declaration ("Beaudouin Decl.") ¶ 7, at Dkt. No. 93-1.  "Prevacid is unavailable at the MCC due to formulary restrictions."  *Id.*;

Prior to his detention, Plaintiff was also prescribed Ensure as a nutritional supplement to prevent long-term weight loss due to malnutrition from scleroderma.  At the MCC, Plaintiff was prescribed Ensure for the same reasons.  Plaintiff's Ensure was discontinued during the periods between February 22, 2020, and March 17, 2020, and between March 24, 2020, and April 10, 2020, for non-compliance with "pill line" rules enforced by MCC medical staff.  As of April 14, 2020, Plaintiff is being provided Ensure, though the Ensure may be discontinued if Plaintiff continually does not comply with these rules;

WHEREAS, "[d]istrict courts may ordinarily grant preliminary injunctions when the party seeking the injunction demonstrates (1) that he or she will suffer irreparable harm absent injunctive relief, and (2) either (a) that he or she is likely to succeed on the merits, or (b) that there are sufficiently serious questions going to the merits to make them a fair ground for litigation, and that the balance of hardships tips decidedly in favor of the moving party."  *Riddick v. Maurer*, 730 F. App'x 34, 37 (2d Cir. 2018) (summary order).  "A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion."  *Capstone Logistics Holdings, Inc. v. Navarrete*, 736 F. App'x 25, 26 (2d Cir. 2018) (summary order) (alteration omitted);

WHEREAS, "[a] document filed pro se is to be liberally construed."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  *See Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (opining that a pro se litigant's documents must be construed "liberally to raise the strongest arguments that they suggest"); *accord Perkins v. Perez*, No. 17 Civ. 1341, 2020 WL 248686, at *4 (S.D.N.Y. Jan. 16, 2020).  While Plaintiff's letter does

not explicitly state a constitutional claim, the Court construes it liberally to allege a violation of the Due Process Clause of the Fourteenth Amendment[2] for deliberate indifference to medical needs, which alone satisfies a showing of "irreparable harm." *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996) ("[I]t is the *alleged* violation of a constitutional right that triggers a finding of irreparable harm."); *accord Milton Barbecho, et al., v. Thomas Decker*, No. 20 Civ. 2821, 2020 WL 1876328, at *6 (S.D.N.Y. Apr. 15, 2020). *See Johnson v. Miles*, 355 F. App'x 444, 446 (2d Cir. 2009) (summary order) (finding where a pro se prisoner seeking a preliminary injunction alleges a liberally construed violation of an Eighth Amendment, that allegation "triggers a finding of irreparable harm");

WHEREAS, to establish a constitutional claim for deliberate indifference to his serious medical needs with a "clear and substantial likelihood of success on the merits," *Johnson*, 355 F. App'x at 446, Plaintiff "must establish, (1) objectively, that the alleged deprivation of medical care was 'sufficiently serious,' and, (2) subjectively, that the defendants acted or failed to act 'while actually aware of a substantial risk that serious inmate harm will result.'" *Riddick*, 730 F. App'x at 37 (quoting *Salahuddin v. Goord*, 467 F.3d 263, 279–80 (2d Cir. 2006)). "The serious medical needs standard contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." *Charles v. Orange Cty.*, 925 F.3d 73, 86 (2d Cir. 2019). "In determining whether a medical need is sufficiently serious . . . [a court considers] factors such as whether a reasonable doctor or patient would find the injury important and worthy of treatment,

---

[2] As a pre-trial detainee, Plaintiff's claim is reviewed under the Fourteenth Amendment's Due Process Clause. *See Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). *See also Charles v. Orange Cty.*, 925 F.3d 73, 85 (2d Cir. 2019) (applying the standard to a deliberate indifference to medical needs claim).

whether the medical condition significantly affects an individual's daily activities, and whether the illness or injury inflicts chronic and substantial pain." *Id.*  To establish the subjective, or *mens rea*, prong, Plaintiff must sufficiently allege that defendant officials "*knew* that failing to provide the complained of medical treatment would pose a substantial risk to [Plaintiff's] health or that the defendants *should have known* that failing to provide the omitted medical treatment would pose a substantial risk to the detainee's health." *Id.* at 87;

WHEREAS, Plaintiff has not established a likelihood of success on the merits of a constitutional claim for deliberate indifference to serious medical needs based on the substitution of Prevacid for Prilosec.  The record shows that Prilosec and Prevacid are both PPIs that function to treat GERD "without notable distinction."  The substitution of these medications does not "contemplate[] a condition of urgency such as one that may produce death, degeneration, or extreme pain," *Milton Barbecho, et al.*, 2020 WL 1876328, at *3.  Federal Defendants also cannot be said to be deliberately indifferent, since the reason for substituting the medication is due to a circumstance beyond their control, namely a formulary restriction on carrying Prevacid;

WHEREAS, a motion for preliminary injunction is moot where the remedy sought has been obtained, and where "there is no reasonable expectation that the wrong will be repeated." *See Flynn v. Lee*, No. 11 Civ. 5311, 2011 WL 5865851, at *3 (S.D.N.Y. Nov. 15, 2011) (quoting *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996).  Plaintiff has been receiving Ensure as of April 14, 2020, but it may be temporarily discontinued again for non-compliance with the "pill line" rules.  Regardless, neither the fact that Plaintiff's Ensure may again be temporarily discontinued, nor the temporary discontinuance itself, gives rise to a "sufficiently serious" medical need.  Defendant Dr. Beaudouin's declaration states that "the temporary discontinuance of Plaintiff's Ensure for a period of a few weeks does not create any serious health risk . . . as it

is intended to prevent long term weight loss," Beaudouin Decl. ¶ 12, and Plaintiff has not alleged that this temporary deprivation resulted in sufficiently serious medical harm.  For the foregoing reasons, it is hereby

**ORDERED**, that pro se Plaintiff's motion for a preliminary injunction is denied.  It is further

**ORDERED**, that, by **April 27, 2020**, Federal Defendants shall either (i) email if possible and mail a copy of this Order to pro se Plaintiff and file proof of service on the docket or (ii) file a letter stating that they are unable to do so and why, in which case the Court will seek to make other arrangements.

Dated: April 24, 2020
       New York, New York

                                                LORNA G. SCHOFIELD
                                       UNITED STATES DISTRICT JUDGE

5