```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
WILBERT KITSON ANDREW TURNER,                                 :
                                    Plaintiff,                :
                                                              :      19 Civ. 412 (LGS)
              -against-                                       :
                                                              :           ORDER
NAPHCARE, ET AL.,                                             :
                                    Defendants.               :
                                                              :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, pro se Plaintiff mailed a letter *ex parte* dated March 26, 2020, which was construed as a motion for preliminary injunction against Defendants Dr. Robert Beaudouin, Warden L. N'Diaye, C.O. Grijava and C.O. Rose (collectively, the "Federal Defendants"). (Dkt. No. 82). The Federal Defendants were directed to respond to pro se Plaintiff's application, and they filed a memorandum of law in opposition dated April 20, 2020. (Dkt. No. 92);

WHEREAS, on April 24, 2020, pro se Plaintiff's motion was denied. (Dkt. No. 97);

WHEREAS, pro se Plaintiff mailed a submission dated April 24, 2020, in further support of his motion, which is construed as a motion for reconsideration. The letter, which will be filed separately under seal, also seeks information on rules related to medical licensure;

WHEREAS, "[a] motion for reconsideration should be granted *only* when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted) (emphasis added). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*,

684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Id.* (internal quotation marks omitted).  The decision to grant or deny a motion for reconsideration, whether under Local Rule 6.3, Rule 59(e) or 60(a), rests within "the sound discretion of the district court."  *See Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (internal quotation marks omitted); *accord Reynolds v. Hearst Commc'ns, Inc.*, No. 17 Civ. 6720, 2018 WL 1602867, at *1 (S.D.N.Y. Mar. 29, 2018);

WHEREAS, when a party appears *pro se*, a court must construe "the submissions of a *pro se* litigant . . . liberally and interpret[] [them] to raise the strongest arguments that they *suggest*."  *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (emphasis in original) (internal quotation marks omitted) (collecting cases); *accord Smith v. Fischer*, 803 F.3d 124, 127 (2d Cir. 2015).  Despite the solicitude given to *pro se* plaintiffs, "the Second Circuit Court of Appeals has made clear that '*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them.'"  *Azkour v. Haouzi*, No. 11 Civ. 5780, 2012 WL 3561071, at *1 (S.D.N.Y. Aug. 17, 2012) (quoting *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995)).  It is hereby

**ORDERED** that pro se Plaintiff's motion for reconsideration of the April 24, 2020, Order is denied.  Pro se Plaintiff does not raise any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," compelling revision of the prior Order.  *Kolel*, 729 F.3d at 104 (internal quotation marks omitted).  Pro se Plaintiff provides further detail on the incidents supporting his arguments -- that he was denied appropriate medical care in retaliation for the instant litigation -- which were considered on the motion for preliminary injunction.  The prior Order found that neither the

2

substitution of Prilosec and Prevacid, nor the temporary discontinuance of Ensure, gives rise to a "sufficiently serious" medical need warranting injunctive relief.  Because reconsideration is "not a vehicle for relitigating old issues," but instead a movant must show that a court previously "overlooked" pertinent factors in reaching a decision, *Analytical Surveys*, 684 F.3d at 52 (internal quotation marks omitted), these arguments are not considered again.  It is further

**ORDERED** that pro se Plaintiff's request for information on rules related to medical licensure in New York is denied.  It is further

**ORDERED** that, by **May 15, 2020**, Defendants shall email if possible and mail a copy of this Order to pro se Plaintiff and file proof of service on the docket.

Dated: May 13, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

3